[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I The Dissolution of the Marriage
It is found that all of the allegations of plaintiff's complaint have been proven, that the marriage has broken down irretrievably, and the marriage is ordered dissolved for that reason.
II The Marital Estate of the Parties
Plaintiff
One half interest in No. 14 Petemont Drive, Farmington, CT value $157,500 1/2 interest $78,750
One half interest in No. 11 Fedus Drive, East Haddam, CT value $167,500 less mortgage — 15,000 --------- $ 142,500
1/2 interest $ 71,250
Household furnishings, etc. — Farmington Savings Bank 100 John Alden Fund — inheritance 6,050 Resource Trust Annuity 49,710 P.D.K Realities 8,000 1983 Ford Van 500 CT Page 2208 --------- Subtotal $ 214,360
Defendant
1/2 interest in No. 14 78,750 Petemont Drive, Farmington, CT 1/2 interest in No. 11 71,250 Fedus Drive, East Haddam, CT Fifty acres — Salem, CT 40,000 Supplemental Retirement Savings Plan ? 1993 Chevrolet dump truck 200 1987 Dodge 100 1967 Ford Mustang 5,000 1997 Ford Ranger — value $12,000 loan $12,000 1,000 Household furniture, etc. — Northeast Utilities Service Co. Pension Plan — -------- Subtotal $196,300
Total Marital Estate $410,660
III The Evaluation of the Evidence in Accordance With the Provisions of Sec. 46b-81c C.G.S.
 General Background Information
The plaintiff wife, who is forty years of age, and the defendant husband, who is forty four, were married on September 17, 1977, twenty years ago. At that time the plaintiff was unemployed while defendant was working for his father, who was a contractor. While thereafter plaintiff took a course in keypunch operation at "Data" in West Hartford, the great majority of her time during the marriage has been spent as a housewife and mother. Most recently she has worked part time as a waitress at The Whole Donut where she earns a weekly gross of $105 with a net of $82 after the usual deductions.
Defendant for his part worked for eight years in the family business, later did metal work at Ernest and Cunningham, and for the past nine years has been employed as a power plant operator at Northeast Utilities. His current gross weekly pay is $1138 with a net after the customary deductions of $743.
Both parties are high school graduates. When asked about CT Page 2209 future plans to further her education plaintiff stated "I'd like to take some courses at Tunxis". Defendant's response to a similar question was that "I'm trying to get a chemist job at C.L. P. although I'd make a little less money".
The couple own their own home in Farmington, and have a summer cottage at Lake Howard in East Haddam. Defendant also was deeded by gift from his family fifty acres of land in Salem, CT.
The parties have four children. Daughter Erika, age 17 and son Timothy, age 9, reside with plaintiff while son Adam, age 10, lives with defendant. Son Matthew, age 16, spends weekdays with plaintiff's parents, who live nearby, and is with his mother on weekends.
Causes for the Dissolution
Both parties can be safely said to have contributed to the breakdown of this marriage. In plaintiffs words it broke down "over a long process — six years after I was married." She complained that in recent years defendant attended "singles" dances and that during their time together he was inattentive to some of the children. For his part defendant testified that plaintiff "went out too much" and that "I caught her twice at 1 a.m. at two different bars hugging and kissing a Mr. Peck". This court observes that defendant's manner of "playing favorites" with his children may very well have had to some extent an adverse effect on their emotional well-being and certainly contributed to the marital unrest.
The parties separated on April 1, 1995 and this action was commenced seven months thereafter.
Health
Both parties appear to be in reasonably good health.
Other Factors
The parties have, in their own fashion, contributed equally to the present marital estate (excepting the Salem acreage).
Defendant has a greater opportunity than does plaintiff for the future acquisition of capital assets and income. His personal liabilities exceed those of plaintiff. CT Page 2210
Conclusion
The court, having considered all of the factors set forth in Sec. 46b-81c, C.G.S. and being mindful that the bulk of the marital estate has been distributed to the parties by agreement, orders that the remaining balance of said estate be equally divided between said parties.
IV The Distribution of the Marital Estate in Accordance with the Stipulation of the Parties and the Findings Made in Article III. Supra
Total Marital Estate $410,660
A. Plaintiff Shall Take and Have:
 Entire interest in No. 14 Petemont $ 157,500 Drive, Farmington, CT (by stipulation) 1993 Ford Van 500 Household furnishings, etc. — Farmington Savings Bank 100 John Alden Fund (by stipulation) 6,050 Resource Fund Annuity (by stipulation) 49,710 P.D.K. Realities (by stipulation) 8,000 1/2 interest in Northeast Utilities ? Service Co. Pension plan (by stipulation) 1/2 interest in Supplemental Retirement ? Savings Plan (by stipulation) --------- Total $221,860 B. Defendant Shall Take and Have:
 Entire equity in No. 11 Fedus Dr., East Haddam, CT (by stipulation) $142,500 Fifty acres, East Haddam, CT (by stipulation) 40,000 1993 Chevrolet dump truck 200 1987 Dodge 100 1967 Ford Mustang 5,000 1997 Ford Ranger — equity 1,000 Household furniture — 1/2 interest in Supplemental Retirement Savings Plan (by stipulation) ? 1/2 interest in Northeast Utilities Service CT Page 2211 Co. Pension Plan (by stipulation) ? -------- Total $188,800
 C. Determination of Amount Defendant Owes Plaintiff in Order to Conform With Findings Made in Article I, Supra
 Value of property received by defendant $6,300 other than by stipulation
 Value of property received by plaintiff 600 other than by stipulation _________
 Total $6,900 1/2 = $3,450 Amount defendant owes plaintiff $2,850
V Supplemental Orders Relating to the Distribution of the Marital Estate
 A. Defendant shall convey to plaintiff by quitclaim deed all his interest in No. 14 Petemont Drive, Farmington, CT. Plaintiff in turn shall hold defendant harmless with regard to all encumbrances of any nature on said premises.
 B. Plaintiff shall convey to defendant by quitclaim deed all her interest in No. 11 Fedus Drive, East Haddam, CT. Defendant for his part shall hold plaintiff harmless concerning all encumbrances of any nature on said property.
 C. Said sum of $2,850 due plaintiff by defendant shall be paid to her within two months from date hereof and shall bear interest at the rate of 10 percent per annum thereafter in the event defendant fails to comply with this order of the court.
 D. Both parties shall execute all orders necessary to comply with the orders of this court.
Article VI — Orders Concerning the minor Children
A. Custody and Visitation
CT Page 2212
The parties shall share joint legal custody of their four minor children. Plaintiff shall have primary physical custody of Erika, Matthew and Timothy while defendant shall have primary physical custody of Adam.
Each parent shall have reasonable visitation with the nonresident children, taking into consideration their respective ages and interests.
The parties shall share equally in transporting for visitation.
B. Support
See Alimony — Article VII F
C. Health Insurance
The defendant shall provide health insurance for the benefit of the minor children as the same is available at his place of employment.
The parties shall share equally the cost of any unreimbursed health expenses. The provisions of Sec. 46b-84d C.G.S. shall apply.
Article VII — Other Orders
A. Life Insurance
Defendant shall maintain his present life insurance policy in the face amount of $90,000 with plaintiff as irrevocable beneficiary during such time as he shall be required to pay either alimony or support in accordance with the orders of this court.
B. Health Insurance
The defendant shall continue to maintain his present health coverage for the benefit of the plaintiff for the maximum period prescribed by law under the provisions of COBRA at plaintiff's cost and expense.
C. Counsel Fees
CT Page 2213
The court declines to accept the most generous proposal of defendant on this issue. Instead, it orders that no award of counsel fees be made to either party.
D. Liabilities
Each of the parties shall be solely responsible for all liabilities listed on his or her financial affidavit and shall hold the other party harmless in that regard.
E. Tax Exemptions
The plaintiff shall take sons Timothy and Matthew as exemptions on her federal and state income tax returns and defendant shall take son Adam and daughter Erika for similar purposes. In this regard the court notes that these were the exemptions claimed by both parties on their 1996 federal income tax returns.
F. Alimony
While plaintiff indicates her total net weekly income to be $332, made up of $82 from employment and $250 in support paid her by defendant, there is at least some evidence that plaintiff is receiving other monies which may possibly be considered income and which she has not reported under Article I on her financial affidavit. Under Article 4H of her affidavit she lists several inheritances and at least one where she receives a monthly payment, but it is not clear to the court whether any part of these inheritances should be considered income. Further, plaintiff's exhibit F, her federal income tax return for 1996 indicates in addition to wages of $3,745, an IRA distribution of $4,100 and pension and/or annuity payments in the amount of $3,601. If these are still being received by plaintiff, the court would like to know about it. While pre-marital assets are generally not considered part of the distributable marital estate, there is abundant authority holding that the income from such assets may be so considered.
G. Jurisdiction
The court shall retain jurisdiction of this matter for the purpose of taking further evidence on and making findings concerning alimony and support. CT Page 2214
This court concludes that it is unable to make any sensible orders on either child support or alimony until and after more evidence on the nature and extent of plaintiff's income from her inheritance is disclosed to the court.
BY THE COURT
BRENNAN, STATE JUDGE REFEREE